Case 4:24-cv-04929   Document 12   Filed on 02/25/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOBILE ENVIRONMENTAL SOLUTIONS, LLC, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CASE NO. 4:24-CV-4929 |
| ALL-STAR INFLATABLES INCORPORATED D/B/A BEST AMERICAN BOOTHS, *et al.*, | § § § § | |
| *Defendants*. | § | |

## ORDER[1]

Pending before the Court is Plaintiff's motion for alternative service. ECF No. 9. Plaintiff asserts that despite its due diligence and repeated attempts to serve Defendant All-Star Inflatables d/b/a Best American Booths ("All-Star"), Plaintiff has been unable to serve All-Star, and so Plaintiff seeks leave to utilize alternative methods of service. ECF No. 9. Plaintiff also requests the initial conference set for March 12, 2025, to be continued to allow for time to implement any substitute service. ECF No. 9. The Court has continued the scheduling conference. Order, ECF No. 5. Based on the briefing, the applicable law, and the record, Plaintiff's motion for substituted service is granted.

## I. BACKGROUND

On December 16, 2024, Plaintiff filed its complaint against Defendants All-

---

[1] The district judge to whom this case is assigned referred the instant motion to the undersigned. Referral Order, ECF No. 11.

1

Star and Revilo Industries, Inc. ECF No. 1. Plaintiff alleges that after contracting with All-Star for manufacture of its unique products, All-Star relied on "Plaintiff's confidential information, proprietary technology and intellectual property," and manufactured, distributed, advertised, and sold "virtually identical products in direct competition with Plaintiff." ECF No. 1 ¶ 23. Plaintiff asserted claims for false advertising, unfair competition, trade dress infringement, breach of contract, and misappropriation of trade secrets. ECF No. 1. Plaintiff alleges it successfully served Revilo but has been unable to serve All-Star despite diligent efforts. ECF No. 9 at 1.

All-Star is a Texas corporation registered with the Texas Secretary of State. All-Star's registered agent resigned on August 15, 2024—All-Star has not identified a new registered agent for service of process in Texas. ECF No. 9-2 at 5–9. So, Plaintiff attempted to serve All-Star through its directors, Paul L. Oliver III and Kristie Oliver, the management All-Star identified to the Texas Secretary of State, at their listed address: 1300 Brandon Court, Royse City, Texas ("the residence"). ECF No. 9-2 at 5–6.

Plaintiff seeks permission to serve All-Star with an alternative method of service under Texas Rule of Civil Procedure 106. ECF No. 9. Plaintiff proposes the following alternative methods: (1) leaving copies of the requisite documents with anyone over the age of sixteen at the residence; (2) leaving copies in a plastic wrapper, attached to the front door of the residence; or (3) by substitute service on

the Texas Secretary of State pursuant to Texas Business Organizations Code §§ 5.521(1)(A) and 5.252. ECF No. 9 at 6.

## II.   LEGAL STANDARDS

Under Rule 4(h), a corporation within the United States must be served either:

> (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h)(1). Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Court is located in Texas; Plaintiff seeks to effect service in Texas.

Under Texas law governing the service of process for business entities, "[t]he president and each vice president of a domestic or foreign corporation is an agent of that corporation" for purposes of receiving service of process. TEX. BUS. ORGS. CODE § 5.255(1). Under § 5.251, the Texas Secretary of State is the agent of a business if the business is "a filing entity or a foreign entity and fails to appoint or does not maintain a registered agent in this state." TEX. BUS. ORGS. CODE § 5.251(1)(A). Service may be effected through the Texas Secretary of State by

delivering "duplicate copies of the process, notice, or demand" and the accompanying fees to the Secretary of State. TEX. BUS. ORGS. CODE § 5.252.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

    (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

    (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Under Texas Rule 106(b), if Plaintiff's attempts to serve Defendants in person or by registered or certified mail are unsuccessful, the Court "may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice." *See Ancrum v. Lyft, Inc.*, No. 3:23-CV-

4

1740-S, 2023 WL 8482881, at *2 (N.D. Tex. Dec. 7, 2023) (citing Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993)).

"The court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Id.* (quoting *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))). The sworn statement must contain: (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b).

## III.  PLAINTIFF MAY USE ALTERNATIVE METHODS OF SERVICE.

In support of its request for alternative service, Plaintiff provides: (1) an affidavit in support of motion for substitute service from process server, Sheryl Gadberry-Silver, dated January 31, 2025, ECF No. 9-1 at 2; (2) information for the residence from process server, ECF No. 9-1 at 3; (3) Declaration of Julie B. Cunningham, ECF No. 9-2 at 2–4; (4) Texas Franchise Tax Public Information Report for All-Star, ECF No. 9-2 at 5; (5) Business Organizations Inquiries for All-Star, ECF No. 9-2 at 6, 8; (6) Business Organizations Inquiry for Lawyer's Aid Service, Inc., ECF No. 9-2 at 7; (7) Statement of Resignation of Registered Agent

regarding All-Star, ECF No. 9-2 at 9; (8) Rockwall Central Appraisal District information for the residence, ECF No. 9-2 at 10–12; and (9) Rockwall CAD 2024 Tax Statement for the residence, ECF No. 9-2 at 13.

The process server stated that the residence is Mr. Oliver's abode and verified that Mr. Oliver is the current owner of the residence. ECF No. 9-1 at 2, 3. Records from the Rockwall County Central Appraisal District and Rockwall County Tax Assessor-Collector indicate that Mr. Oliver owns the residence. ECF No. 9-2 at 10–13. On the evening of January 14, 2025, the process server rang the doorbell at the residence, and a man who identified himself as "Vincent" answered the door. ECF No. 9-1 at 2. "Vincent" said that Mr. Oliver lived at that residence, but Mr. Oliver would be gone until the end of the week. ECF No. 9-1 at 2. On the afternoon of January 21, 2025, the process server again knocked on the door and rang the doorbell of the residence, but no one answered the door. ECF No. 9-1 at 2. An employee of the pool company that services the residence's pool, Devon with Signature Pool, stated that he only saw Mr. Oliver at the address in the evenings. ECF No. 9-1 at 2. The process server left his card on the front door. ECF No. 9-1 at 2. The process server returned on the morning of January 25—there was no answer when the process server knocked on the front door and rang the doorbell, so he left another card on the front door. ECF No. 9-1 at 2. The next-door neighbors verified that Mr. Oliver lived at that address. ECF No. 9-1 at 2. On the morning of January 28,

the process server attempted service again at the residence, knocked on the front door and rang the doorbell. ECF No. 9-1 at 2. The process server stated that Mr. Oliver has not contacted or called the process server, so he believes that Mr. Oliver is avoiding service. ECF No. 9-1 at 2.

Plaintiff has satisfied the requirements for the Court to grant its motion for substituted service. As noted above, the sworn statement attached to the motion must "strictly compl[y]" with Texas Rule of Civil Procedure 106. *Ancrum*, 2023 WL 8482881, at *3. "Although the affidavit is not required to assert 'how the affiant concluded the address was the usual place of business or abode of the defendant,' the affidavit is required to 'state the address was the defendant's usual place of business or abode.'" *Id.* (quoting *James v. Comm'n for Law. Discipline*, 310 S.W.3d 586, 590 (Tex. App.—Dallas 2010, no pet.) (discussing *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, (Tex. App.—Dallas 1986, no writ))). "Exact recitation of the language of the rule is not required, but the sworn statement must allege the address served is the defendant's place of abode or usual place of business." *Id.* (citing *Mobile Dental Health Mgmt., L.L.C. v. Lalonde*, No. 13-21-00073-CV, 2023 WL 1458897, at *4 (Tex. App.—Corpus Christi-Edinburg Feb. 2, 2023, no pet.) (affidavit stating address was "place of abode" was sufficient for substituted service, even if not reciting the exact language of the rule); *Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. App.—Houston

[14th Dist.] Sept. 23, 2003, no pet.) (affidavit sufficient for substituted service where the affiant stated the address of attempted service was defendant's address and there was confirmation from a resident the defendant lived at said address). Importantly, this information must be in the sworn statement—allegations in an unsworn motion will not suffice. *Id.* (citing *Garrels*, 706 S.W.2d at 759) (although the motion stated the address where service was attempted was the defendant's home, the affidavit did not, making the attempted substitutes service of process "invalid")).

In this case, the evidence demonstrates that 1300 Brandon Court, Royce City, Texas, is Paul Oliver III's residence and that he is actively avoiding accepting service. This meets Rule 106(b)'s requirements. *See Ruiz v. Bank of New York Mellon as Tr. for Certificate Holders of CWABS, Inc., Asset Backed Notes Series 2003-SD4 & Newrez LLC*, No. 1:22-CV-00483-LY-SH, 2023 WL 2656573, at *3 (W.D. Tex. Mar. 27, 2023) (allowing service by leaving copies with an individual older than sixteen at the residence or if unavailable, by posting on residence door where the movant provided an affidavit from their process server that confirmed the address was the defendant's residence and advised that the defendant repeatedly failed to answer the door to accept service, and her housekeeper repeatedly informed him that she was out of town or at work, although her car was in her driveway.) (citing *Pflipsen v. Leco Broadway 410, LLC*, No. SA-21-CV-01055-JKP, 2022 WL 508348, at *2 (W.D. Tex. Feb. 16, 2022) (granting substitute service under Rule

106(b) by certified mail, affixing a copy of the complaint and summons to defendant's office door, or leaving the documents with defendant's support staff where defendant evaded service); *Coach, Inc. v. CM Retail LLC*, No. 3:09-CV-2215, 2010 WL 1790395, at *3 (N.D. Tex. May 5, 2010) (granting substitute service under Rule 106(b) by leaving summons and complaint with a person over age 16 or affixing the summons and complaint to the door where defendant repeatedly evaded service)).

The Court grants Plaintiff's motion for alternative service. Plaintiff may serve All-Star by both serving the Texas Secretary of State and leaving the requisite copies with an individual more than sixteen years old, or if no such person is present, then by posting the copies on the residence's front door.

## IV. CONCLUSION

Plaintiff's motion for alternative service is **GRANTED**. ECF No. 9. Plaintiff may serve the summons and complaint on Defendant All-Star Inflatables Incorporated d/b/a Best American Booth by the following means for alternative service: (1) by leaving true copies of the summons, complaint, this Order, the Court's Order for Conference, and the form for the Joint Report on Meeting Required by Rule 26(f) and Joint Discovery/Case Management Plan, and Judge Hanen's Rules of Court, with anyone over the age of sixteen (16) at Paul Oliver III's residence at 1300 Brandon Court, Royse City, Texas 75189; or (2) if no such person is found

there, then by leaving true copies of the summons, complaint, this Order, the Court's Order for Conference, and the form for the Joint Report on Meeting Required by Rule 26(f) and Joint Discovery/Case Management Plan, and Judge Hanen's Rules of Court, in a plastic wrapper, attached to the front door of Paul Oliver III's residence at 1300 Brandon Court, Royse City, Texas; and (3) by serving the Texas Secretary of State pursuant to TEX. BUS. ORGS. CODE §§ 5.251(1)(A) and 5.252, by delivering to and leaving with the Texas Secretary of State duplicate true copies of the summons, complaint, this Order, the Court's Order for Conference, and the form for the Joint Report on Meeting Required by Rule 26(f) and Joint Discovery/Case Management Plan, and Judge Hanen's Rules of Court and the accompanying fees.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on February 25, 2025.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**